# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SUSANA ISLAS DOOMS, | CASE NO. CV F 11-0352 LJO DLB |
| Plaintiff, | **ORDER TO DISMISS REMAINING DEFENDANT** |
| | (Docs. 19, 21.) |
| FEDERAL HOME LOAN MORTGAGE CORPORATION, et al., | |
| Defendants. / | |

This Court's March 31, 2011 orders ("March 31 orders") dismissed with prejudice defendants Ocwen Loan Servicing, LLC, Mortgage Electronic Registration Systems, Inc., Federal Home Loan Mortgage Corporation, and Bank of America, N.A. and noted irreparable deficiencies in the operative complaint of plaintiff Susana Islas Dooms. ("Ms. Dooms"). March 31 orders required Ms. Dooms, no later than April 6, 2011, to file papers to show cause why this Court should not dismiss this action against remaining defendant Cal-Western Reconveyance Corporation ("Cal-Western Reconveyance"). Ms. Dooms responded to the March 31 orders by referencing her objection to Cal-Western Reconveyance's declaration of non-monetary status under California Civil Code section 2924l ("section 2924l").

1

Section 2924l addresses naming a deed of trust trustee in an action such as this and provides in part:

> (a) In the event that a trustee under a deed of trust is named in an action or proceeding in which that deed of trust is the subject, and in the event that the trustee maintains a reasonable belief that it has been named in the action or proceeding solely in its capacity as trustee, and not arising out of any wrongful acts or omissions on its part in the performance of its duties as trustee, then, at any time, the trustee may file a declaration of nonmonetary status. The declaration shall be served on the parties in the manner set forth in Chapter 5 (commencing with Section 1010) of Title 14 of the Code of Civil Procedure.
>
> (b) The declaration of nonmonetary status shall set forth the status of the trustee as trustee under the deed of trust that is the subject of the action or proceeding, that the trustee knows or maintains a reasonable belief that it has been named as a defendant in the proceeding solely in its capacity as a trustee under the deed of trust, its reasonable belief that it has not been named as a defendant due to any acts or omissions on its part in the performance of its duties as trustee, the basis for that knowledge or reasonable belief, and that it agrees to be bound by whatever order or judgment is issued by the court regarding the subject deed of trust.
>
> (c) The parties who have appeared in the action or proceeding shall have 15 days from the service of the declaration by the trustee in which to object to the nonmonetary judgment status of the trustee. Any objection shall set forth the factual basis on which the objection is based and shall be served on the trustee.
>
> (d) In the event that no objection is served within the 15-day objection period, the trustee shall not be required to participate any further in the action or proceeding, shall not be subject to any monetary awards as and for damages, attorneys' fees or costs, shall be required to respond to any discovery requests as a nonparty, and shall be bound by any court order relating to the subject deed of trust that is the subject of the action or proceeding.
>
> (e) In the event of a timely objection to the declaration of nonmonetary status, the trustee shall thereafter be required to participate in the action or proceeding.

By filing objections pursuant to 2924l, this Court surmises that Ms. Dooms intended to pursue claims against Cal-Western Reconveyance as alleged in her complaint. However, as the March 31 orders explain in detail, Ms. Dooms lacks a viable claim under her complaint's legally barred theories. In response to the March 31 orders, Ms. Dooms offers nothing meaningful to maintain Cal-Western Reconveyance as a defendant. This Court construes absence of meaningful grounds to maintain Cal-Western Reconveyance as a defendant as a concession that Ms. Dooms lacks viable claims against Cal-Western Reconveyance.

This Court surmises that Ms. Dooms pursued this action in absence of good faith and exploits the court system solely for delay or to vex defendants. The test for maliciousness is a subjective one and requires the court to "determine the . . . good faith of the applicant." *Kinney v. Plymouth Rock Squab Co.*, 236 U.S. 43, 46 (1915); *see Wright v. Newsome*, 795 F.2d 964, 968, n. 1 (11th Cir. 1986); *cf. Glick v. Gutbrod*, 782 F.2d 754, 757 (7th Cir. 1986) (court has inherent power to dismiss case demonstrating "clear pattern of abuse of judicial process"). A lack of good faith or malice also can be inferred from a complaint containing untrue material allegations of fact or false statements made with intent to deceive the court. *See Horsey v. Asher*, 741 F.2d 209, 212 (8th Cir. 1984). An attempt to vex or delay provides further grounds to dismiss this action against Cal-Western Reconveyance.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court:

1. DISMISSES this action without prejudice against Cal-Western Reconveyance; and
2. DIRECTS the clerk to enter judgment in favor of defendant Cal-Western Reconveyance Corporation and against plaintiff Susana Islas Dooms and to close this action.

IT IS SO ORDERED.

**Dated:   April 7, 2011**                                   /s/ Lawrence J. O'Neill
                                                                                        UNITED STATES DISTRICT JUDGE